# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1531V**

| | |
|---|---|
| STEPHANIE LAW,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 14, 2026 |

*Elizabeth Ellis Simek, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 30, 2024, Stephanie Law filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury - shoulder injury related to vaccine administration - as a result of the administration of a flu vaccine on October 4, 2022. Petition at 1; Stipulation, filed April 29, 2026, at ¶¶ 1-2, 4. On April 30, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $101,635.02 (representing $98,992.30 in fees plus $2,642.72 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed June 1, 2026, ECF No. 38. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the Motion on June 12, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 39. On June 18, 2026. Petitioner filed a reply stating the fees and costs incurred are reasonable and be awarded in full. ECF No. 40.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants (as here). Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

**ATTORNEY FEES**

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $578.00 for 2026 work performed by attorney Elizabeth Simek, representing a rate increase of $48.00 from the previous year. I find the proposed increase to be reasonable and award it herein.

However, the invoices reveal an overall excessive amount of fees billed to this matter. For example, Petitioner's counsel billed six hours to draft the motion for fees and costs, 13.60 hours to draft the demand, 17.20 hours to draft the Petition (14 pages), 7.80 to draft Petitioner's affidavit, 6.60 hours preparing exhibits, 7.50 hours conferring with co-counsel and 7.6 hours following up on medical records and reviewing physician addresses. This does not include voluminous entries billed for communication back and forth with Petitioner, in order to complete an affidavit and the Petition.

The claim was successfully settled 19 months after filing, without a great deal of litigious back-and-forth. SPU SIRVAs should generally not require excessive amounts of attorney time – and that goes double for a case that settles for well less than six figures, as here. Successful Vaccine Act practitioners are only entitled to reasonable fees, and it is not reasonable to incur almost $100,000.00 in fees in a matter like this.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees to be awarded herein by ***fifteen percent*** as a fair adjustment to account for the paralegal duties issue mentioned, as well as the total unreasonable amount billed to the matter. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $14,848.85**.[3]

[3] This amount is calculated as follows: $98,992.30 x .15 = $14,848.85.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 37-4. I find the requested costs reasonable, and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $86,786.17 (representing $84,143.45 for attorneys' fees and $2,642.72 for attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.